**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AYMAN FAREH SOLIMAN,

*Plaintiff*,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*, *et al.*

*Defendants*.

Civ. Action No. 1:22-cv-00079-ABJ

# JOINT RULE 16.3(c) REPORT

Pursuant to the Court's Minute Order of April 6, 2026, counsel for the parties have conferred and hereby submit this Joint Report as contemplated by Local Rule 16.3.

**Discovery Plan For This Litigation**

The parties do not agree about the scope of discovery for this litigation except for their agreement to exchange initial disclosures on April 27, 2026. *See infra* at item #6. The parties set out their respective positions below:

Plaintiff's Statement: No administrative record exists in this case, as would one in a Freedom of Information Act dispute or an appeal of an administrative decision. This case involves neither of those situations. As this Court acknowledged in its ruling and as pled in Plaintiff's Amended Complaint, "no mechanism exists for him to challenge his presumed inclusion in the TSDS in the absence of travel-related difficulties." Doc. 42 at 12 (quoting Plaintiff's Amended Complaint ¶ 76). Therefore, "the amended complaint does not involve 'an order issued by the Secretary of Transportation'" or any other administrative agency, and as no administrative process exists for Plaintiff's current challenge there can be no administrative record which justifies

bypassing standard discovery. *Id*. Therefore, Plaintiff expects the Federal Rules of Civil Procedure govern discovery and the standard processes apply to this matter. Plaintiff therefore anticipates serving written discovery within thirty (30) days of this Report. Should this Court desire additional briefing on this topic, Plaintiff will gladly provide that in accordance with any scheduling order established by this Court.

<u>Defendants' Statement</u>: Defendants believe that discovery should proceed, at least initially, on an administrative record given that Plaintiff's challenge is about the alleged placement of an "FBI flag" on his name and the process used by Defendants to provide redress for that alleged flag. According to the Amended Complaint, the "flag leads [Plaintiff] to believe that his name appears in the Terrorist Screening Dataset (TSDS)." ECF No. 33 ¶ 2. The suit therefore challenges agency actions, and the focus of judicial review of agency action, including challenges to agency action "contrary to constitutional right, power, privilege, or immunity," 5 U.S.C. § 706(2)(B), "should be the administrative record already in existence, not some new record made initially in the reviewing court," *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). A plaintiff cannot avoid record review by pleading a constitutional claim. *See J.L. v. Cissna*, 2019 U.S. Dist. LEXIS 88356,*3 (N.D. Cal. Mar. 18, 2019) ("extra-record discovery is generally limited to cases where the constitutional claim does not overlap with the APA claim or the substance of an agency decision") (*citing Bellion Spirits, LLC v. U.S.*, 335 F. Supp. 3d 32, 43–44 (D.D.C. 2018)). Here, Plaintiff's procedural due process claim is about the procedures applied to him during the administrative process. Accordingly, review of the sufficiency of that process should occur based on the administrative record of that process.

Defendants are in the process of determining the proper scope of the administrative record or records at issue, and they anticipate much of the information in the record is currently classified,

privileged, or subject to other protections. The process needed to assemble that type of administrative record requires review and authorization by multiple agencies. Defendants therefore anticipate that it will take at least six months to compile, certify, and review for declassification purposes the full administrative record in this case. It is not unusual for a court to review the merits of a case where plaintiffs allege placement on a terrorist watchlist on an administrative record that is either fully or partially submitted *ex parte*. The D.C. Circuit has recently approved submission by the Government of an administrative record including some *ex parte* materials. *See Khalid v. TSA*, — F.4th —, 2026 WL 999325, at *3–4 (D.C. Cir. Apr. 14, 2026); *see also Jabril v. Mayorkas*, 101 F.4th 857, 866–67 (D.C. Cir. 2024) (same). Other courts nationwide have similarly reviewed the merits of these cases on an administrative record. *See, e.g.*, *Salloum v. Kable*, No. 4:19-cv-13505, ECF No. 61 (E.D. Mich. Sept. 29, 2022) (describing procedure for *ex parte* administrative record and denying motion to compel); *Kovac v. Wray*, No. 3:18-CV-00110-X, 2022 WL 717260, at *4 (N.D. Tex. Mar. 10, 2022) (granting motion for *ex parte* review of administrative record). This Court should follow a similar approach.

Defendants are willing to meet and confer with Plaintiff regarding limited discovery of additional unclassified, non-privileged information he may wish to pursue after production of the administrative record. The first step, however, is to produce the administrative record, after which the parties can confer about the need or basis for any additional discovery. A court in Oregon recently took a similar approach to a watchlisting case involving a procedural due process claim. *See* ECF No. 233, No. 3:13-cv-899-MO, *Fikre v. FBI* (D. Or. July 25, 2025). A similar process should occur here.

Given the length of time it will take to complete the administrative record, Defendants are also willing to provide, within 30 days of this report, certain additional materials regarding

watchlisting policies, practices, and procedures, as well as the Government's interest in watchlisting. Specifically, Defendants conducted years of discovery regarding watchlisting procedures in another case, *Jardaneh v. Bondi*, No. 8:18-cv-02415-PX (D. Md.), in which the Government provided hundreds of pages of interrogatory responses and tens of thousands of documents and also sat for Rule 30(b)(6) depositions. Defendants anticipate providing the non-plaintiff-specific productions, declarations, and other testimony in *Jardaneh*. This includes specific testimony about watchlisting related standards, practices, and procedures. And additional information is publicly available. *See, e.g.*, FBI, *Overview of the U.S. Government's Terrorist Watchlisting Process and Procedures*, *available at* https://www.fbi.gov/file-repository/terrorist-watchlisting-transparency-document-april-2024-050224.pdf (last visited April 21, 2026). Defendants' anticipated provision of these materials underscores that discovery at this time, prior to the administrative record's issuance, is unnecessary (in addition to being legally inappropriate for the reasons described above).

* * *

The parties provide below their respective positions on the items enumerated in Local Rule 16.3, with the caveat that those positions in some instances flow from their respective beliefs about the scope and process of discovery in this case.

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

<u>Joint Statement</u>: The Court has already denied Defendants' motion to dismiss, and there is no dispositive motion pending at this time. The parties agree that this case may be resolved by dispositive motion at a later date, subsequent to the conclusion of discovery.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Joint Statement: The parties do not currently anticipate the need to join other parties or to file another amended pleading. They also do not believe that the number of factual and legal issues in the current Complaint are likely to be agreed upon or narrowed. To the extent a deadline for adding new parties is required, the parties propose 60 days from the date of this Report, which is **June 22, 2026**.

3. **Whether there is a realistic possibility of settling the case.**

Joint Statement: The parties foresee no realistic possibility of settling the case at this time but will reassess settlement possibilities as the case progresses.

4. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Joint Statement: After conferral with their clients regarding ADR and this provision, the parties do not believe this case could benefit from the Court's ADR procedures at the current stage in light of the nature of Plaintiff's claim and the parties' dispute regarding the legal issues. The parties remain open to revisiting the concept of ADR after discovery.

5. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Joint Statement: The parties agree that the case may be resolved on motion for summary judgment at a later date. But the parties have competing positions regarding the timing of that motion.

Plaintiff's Statement: After standard time for discovery, which Plaintiff proposes last six months and **conclude on October 27, 2026**, Plaintiff proposes that expert disclosures and discovery take place with designations and reports of any experts due on **December 11, 2026** and

rebuttal designations due on **January 15, 2027**. Subsequent to the submission of motions to exclude experts, if any, by **February 19, 2027**, Plaintiff proposes the parties have an additional 45 days to submit motions for summary judgment until **April 5, 2027**, with responsive briefing due **May 4, 2027**.

Defendants' Statement: Defendants believe it would be premature at this point to suggest a briefing schedule for summary-judgment motions. As noted above, Defendants' position is that Plaintiff's claims should be reviewed on an administrative record, that any discovery should occur only after production of the administrative record, and that discovery should occur only with leave of Court, pursuant to the standards applicable to APA claims. Defendants will need time to compile that administrative record, particularly given the need for review and authorization by multiple agencies. Given the time needed to do so and, if necessary, to confer about additional discovery afterwards, Defendants do not suggest a schedule at this time for summary-judgment briefing.

6. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Joint Statement: The parties have agreed to exchange initial disclosures on **April 27, 2026**.

7. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Statement: Plaintiff believes standard discovery under the Federal Rules of Civil Procedure is appropriate for this matter and should begin shortly after the filing of this Report. At this time, Plaintiff is unaware of whether the parties may require a protective order. Plaintiff proposes the conclusion of discovery on or about **October 27, 2026**.

Should this Court wish responsive briefing from Plaintiff on the points raised by

Defendants within this document, Plaintiff will be glad to provide that in accordance with a scheduling order set by this Court.

Defendants' Statement: As stated above, Defendants' position is that Plaintiff's claims should be reviewed on an administrative record, that any discovery should occur only after production of the administrative record, and that discovery should occur only with leave of Court, pursuant to the standards applicable to APA claims.

To the extent the Court permits Plaintiff to proceed with additional discovery, such as through interrogatories, requests for production, or requests for admission, Defendants propose that they be allowed to do so as well. Specific to depositions, however, those are more burdensome impositions on the valuable time of national security officials who have other mission-oriented tasks. Defendants therefore propose that Defendants FBI, TSC, and DHS be the subject of no more than one 30(b)(6) deposition each on topics about watchlisting, to consist of no more than four (4) on the record hours per agency. Defendants submit that this should be the sole extent of depositions permitted of Defendants or their employees absent further order of the Court.

Defendants also would propose that any additional discovery should not include the Attorney General of the United States. The Attorney General is included in this litigation as the supervisor of some other Defendants, and Plaintiff never contends that the Attorney General exercised any decision-making authority as to Mr. Soliman. Rather, the only allegation is that the Attorney General "leads the Department of Justice, which oversees the Federal Bureau of Investigation." ECF No. 33 ¶ 6. Any TSDS functions relevant to this case are conducted through the FBI and the TSC, whose officials are separate defendants in this action. Defendants therefore anticipate that they will object to, and brief if necessary, the propriety of discovery regarding the Attorney General to the extent Plaintiff seeks discovery specifically of the Attorney General.

Regarding a protective order, one might be warranted if documents and information produced in discovery are privileged or otherwise protected by statute.

**8. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Joint Statement: The parties agree that they will produce discoverable electronically stored information ("ESI") in PDF format with documents segregated as individual files. ESI will not be produced in native format. Counsel for the parties have also instructed their clients to retain and preserve documents, information, and things (including ESI) that might be relevant to the subject matter of this lawsuit.

**9. Any issues about claims of privilege or of protection as trial-preparation materials, including if the parties agree on a procedure to assert these claims after production-whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Joint Statement: The parties recognize that discovery may raise privilege issues, including with respect to statutory protections and privileges that Defendants may invoke relating to law enforcement and national security information. The parties will confer on any discovery disputes regarding any applicable privilege or statutory protection prior to seeking judicial assistance. If the parties cannot come to an agreement on any areas of dispute, they will follow the applicable provisions in the Federal Rules of Civil Procedure and Local Rules concerning discovery disputes.

The parties agree that the production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party. The parties anticipate agreeing to a stipulated Fed. R. Evid. 502(d) order relating to the inadvertent production of privileged or work-product protected documents.

**10. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff's Statement: Plaintiff proposes that expert disclosures and discovery take place with designations and reports of any experts due on **December 11, 2026** and rebuttal designations due on **January 15, 2027,** with motions to exclude experts, if any, due by **February 19, 2027.**

Defendants' Statement: As stated above, Defendants believe that Plaintiff's claims should be reviewed on the administrative record with any discovery only occurring after production of the record and with leave of Court. As a result, Defendants believe it is premature for the Court to set dates for expert discovery.

**11. In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Joint Statement: This is not a class action and thus there is no need to propose Rule 23-specific deadlines or procedures.

**12. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Joint Statement: The parties are not proposing bifurcation of trial or discovery at this time.

**13. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff's Statement: In light of the discovery and other briefing proposed above, Plaintiff proposes this Court set a pretrial conference in this matter for **August 24, 2027**.

Defendants' Statement: As stated above, Defendants believe that Plaintiff's claims should be reviewed on the administrative record with any discovery only occurring after production of the record and with leave of Court. Defendants' position is also that this case should be resolved by dispositive motion. Given these circumstances, Defendants believe it is premature to set a date

for a pretrial conference.

**14. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiff's Statement: Plaintiff prefers that the Court set a trial date at the pretrial conference.

Defendants' Statement: As stated above, Defendants believe that Plaintiff's claims should be reviewed on the administrative record with any discovery only occurring after production of the record and with leave of Court. Defendants' position is also that this case should be resolved by dispositive motion. As a result, Defendants believe it is premature for the Court to set a firm trial date at the first scheduling conference. But to the extent the Court wishes to set a trial date, it should be 30–60 days from the pretrial conference, whenever that occurs.

**15. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Service of Documents: The parties agree that all pleadings, motions, and other papers that are filed are to be served electronically as provided for by the Federal Rules and the Local Rules. In addition, the parties agree that they will serve by email to counsel of record all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery, or other agreed-upon means of delivery.

Privileged Communications with or between Counsel: The parties agree that they shall not seek discovery of documents that are privileged because they are sent solely between counsel for the parties, or that are privileged because they are sent between a party and that party's counsel and constitute confidential client communications. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be

produced or identified on any privilege log.

Dated: April 27, 2026

Respectfully submitted,

*/s/ Christina A. Jump*
Christina A. Jump
D.C. Court of Appeals Bar No. 62175
Jump Start Legal Justice Center PLLC
100 N. Central Expy., Suite 537
Richardson, TX 75080
Phone: (972) 992-5060
cjump@jump-start-legal.com

Chelsea Glover
D.C. ID TX0065
Samira S. Elhosary
D.C. Court of Appeals Bar No. 63673
Muslim Legal Fund of America
100 N. Central Expressway, Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cglover@clcma.org
selhosary@clcma.org

*Attorneys for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

/s/ *Christian Dibblee*
CHRISTIAN DIBBLEE (D.C. Bar 90002557)
JAMES R. POWERS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-5908
Christian.r.dibblee@usdoj.gov

*Attorneys for Defendants*